UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERN ROBERT THEROUX, JR.<br><br>  Plaintiff,<br><br>v.<br><br>FOOD4LESS, a California corporation,<br><br>  Defendant. | Case No.: 20cv1857-LAB (MDD)<br><br>**ORDER STRIKING AMENDED COMPLAINT** |

  Plaintiff, who is represented by counsel, filed an amended complaint (Docket no. 19) on February 23, bringing claims under the Americans with Disabilities Act and supplemental state claims. Because Defendant has already filed its answer, amendment requires either the opposing party's written consent or the Court's leave. Even if construed as a motion for leave to amend, the motion does not comply with Civil Local Rule 15.1(b), and is not properly filed as an *ex parte* motion rather than a noticed motion. The amended complaint is **ORDERED STRICKEN** and the Clerk shall remove it from the docket.

  The amended complaint also fails to connect Plaintiff's disability with the barriers he alleges he encountered at Defendant's property, as is required for Article III standing. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 947

(9th Cir. 2011) (en banc). He alleges that his disability relates to limitations on walking, standing, ambulating, sitting, and grasping objects. (Am. Compl., ¶ 8.) He alleges that he "relies upon mobility devices to ambulate," but does not say what those devices are. (*Id.*) Some of the alleged barriers would affect a person using a wheelchair, but not necessarily someone using a different mobility aid. (*Id.*, ¶ 27.) He identifies several irregularities that might affect a mobility-impaired person in some way, without saying how they affect him, or whether they affect him at all. (*Id.*, ¶¶ 22–23.) Some of the allegations are entirely conclusory; they merely claim that the parking area is non-compliant without alleging any facts explaining how or why. (*Id.*, ¶¶ 24–25.) And some alleged barriers do not appear to be related to Plaintiff's disability at all. (*Id.*, ¶ 27 (alleging a lack of bathroom signage in braille).) The Court is required to raise jurisdictional issues such as standing *sua sponte*, and unless Plaintiff meets his burden of establishing standing, this action is subject to dismissal. *See Chapman*, 631 F.3d at 954.

      The Court *sua sponte* extends the deadline to seek leave to amend or to add parties (*see* Docket no. 17, ¶ 1) to **March 1, 2021**. If Plaintiff intends to file such a motion, it must be a noticed motion — *i.e.*, he must obtain a hearing time and date before filing it. The motion must comply with Civil Local Rule 15.1(b).

      If Plaintiff files an amended complaint, either with the Court's leave or with opposing counsel's written consent, he is reminded that the Clerk issues summonses on electronically-filed complaints, and he need not attach them to his complaint. *See* Electronic Case Filing Administrative Policies and Procedures Manual, § 2(d)(1).

      **IT IS SO ORDERED**.

Dated: February 24, 2021

*Larry A. Burns* (signature)
Honorable Larry Alan Burns
United States District Judge